U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# FILED

AUG 1 6 2019

IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA )
)
v. ) No. 4:17CR00275-JLH-1
)
RODNEY ADAM HURDSMAN )

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Cody Hiland, by and through Joan Shipley, Assistant United States Attorney, and Rodney Adam Hurdsman, defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above referenced proceedings.

1.    **GUILTY PLEA:**   The defendant will enter a plea of guilty to Aiding and Abetting Bank Robbery, a violation of Title 18, United States Code, Sections 2113(a) & (d) and 2, as set forth in Count 1 of the Indictment. The United States agrees to move for dismissal of the remaining counts against the defendant in this matter upon acceptance of the guilty plea. This is a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.

2.    **ELEMENTS OF THE CRIME:**   The parties agree the elements of the offense to which the defendant will plead guilty are:

      A.    Aiding and Abetting:

          1.   The defendant knew the offense was being committed or going to be committed; and

          2.   The defendant knowingly acted in some way for the purpose of causing/encouraging/aiding the commission of the offense.

      B.   Bank Robbery:

1. The defendant took money from the presence of another, while that money was in the care or custody of Malvern National Bank;

2. Such taking was by force and violence and intimidation; and

3. The deposits of Malvern National Bank were then insured by the Federal Deposit Insurance Corporation.

The defendant agrees that he is guilty of the offense charged and each of these elements is true.

3.    **PENALTIES:**

A.    <u>STATUTORY PENALTIES</u>: The penalty for the charge set forth in Count 1 is not more than 20 years' imprisonment, a fine of not more than $250,000, not more than 5 years' supervised release, and a $100 special assessment.

B.    <u>SUPERVISED RELEASE</u>: Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if the defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4.    **WAIVERS**:   The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A.      The right to appeal or collaterally attack, to the full extent of the law, all non-jurisdictional issues, including any forfeiture or restitution order, as follows:

(1)      the defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct;

(2)      the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

(3)      the defendant waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

(4)      the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

(5)      the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and,

(6)      the defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B.      The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

C.      The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

D.      The right to confront and cross examine witnesses;

E.      The right to testify in his own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant;

F.      The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

G.      Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the defendant understands that upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

5.      **STIPULATIONS:** The United States and the defendant stipulate to the following:

A.      The parties agree that the base offense level is 20 pursuant to U.S.S.G. § 2B3.1(a). However, nothing in this plea agreement shall prevent the base offense level and/or the defendant's criminal history category from being calculated under U.S.S.G. § 4B1.1 (Career Offender), if found to apply in this case.

B.      The parties agree that the +2 level special offense characteristic for a financial institution shall apply pursuant to U.S.S.G. § 2B3.1(b)(1).

C.      The parties agree that the +3 level special offense characteristic for brandishing or possessing a dangerous weapon shall apply pursuant to U.S.S.G. § 2B3.1(b)(2)(E).

D.      The parties agree that the amount of loss is $12,321.75.

E.      The defendant is eligible for a two-level reduction for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and

imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or greater, the determination of whether the defendant is eligible for a third level reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

F.    The parties stipulate that no other enhancements or reductions under Section 2B3.1, Chapter 3, or Chapter 5 of the Guidelines apply, other than those specifically set out in this Agreement and its Addendum.

G.    The parties stipulate and agree to recommend the imposition of a sentence of 71 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

H.    The defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

I.    The defendant stipulates that the following facts are true:

Between the dates of March 10, 2014 and September 25, 2014, the defendant, Rodney Hurdsman, along with his wife, Stephanie Hurdsman, Oneida Denise Saylor, Kenneth Ulledahl, and others, agreed to commit bank robbery and, in the course of the conspiracy, robbed various banks across the United States. For example, on or about June 16, 2014, the defendant, along with Stephanie Hurdsman and Oneida Denise Saylor, robbed the Malvern National Bank in Benton, AR, which was insured by the FDIC. In that robbery, the defendant and Oneida Denise Saylor entered the bank while the Stephanie Hurdsman waited in the get-away vehicle, which was a blue

BMW. Oneida Denise Saylor indicated she was armed with a gun, later determined to be a bb gun, and demanded money. Rodney Hurdsman entered the bank, jumped the counter, and demanded money. Bank officials confirmed the amount stolen from Malvern National Bank as $12,321.75. Hours before the bank robbery on June 16, 2014, the defendant, Stephanie Hurdsman, and Oneida Denise Saylor were all identified by name, social security number, date of birth, and address, when a Little Rock Police Officer pulled them over in a blue BMW. Records from Texas AutoPlex document that Stephanie Hurdsman, accompanied by the defendant, purchased a blue 2001 BMW X-5 on June 7, 2014. Records also show that Stephanie Hurdsman paid cash for the vehicle. The Little Rock Police officer made the traffic stop on the blue BMW after K-Mart asset protection officers suspected the defendant of shoplifting latex rubber gloves. K-Mart declined prosecution when the defendant signed a confession to having stolen the gloves and consented to being banned from K-Mart.

At the time of the robbery, a witness described the blue BMW and Stephanie Hurdsman as the driver when the car parked at a Verizon store, and the defendant and Oneida Denise Saylor got out of the car. The defendant and Oneida Denise Saylor can be seen on video as they crossed the street in the direction of Malvern National Bank. The witness described the driver as having long blond hair and wearing a white top with spaghetti straps, matching pictures of Stephanie Hurdsman captured by the dash camera of the Little Rock Police officer. The descriptions matched the BMW and the occupants previously stopped by the Little Rock Police officer. The witness took note that both the defendant and Oneida Denise Saylor were wearing coats and long sleeves on a hot summer day in Arkansas. Bank video shows, as both the defendant and Oneida Denise Saylor entered the bank, they were wearing latex gloves, coats, long sleeves, and sunglasses. The bank video also captured images of the defendant's square-toe boots, matching those he can be seen wearing in the

Little Rock Police officer dash camera video. The bank video also shows Oneida Denise Saylor wearing jeans that matched a photo found in her phone of her wearing the same jeans. Witnesses in the bank reported hearing Oneida Denise Saylor refer to the defendant as "Robbie" several times as she tried to hurry him during the robbery. "Robbie" has been confirmed as the defendant's nickname used by most family members and witnesses.

6.      **RULE 11 RECOMMENDATION:**   The defendant acknowledges that this plea agreement is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and that the parties are recommending that the Court sentence the defendant to 71 months' imprisonment. The defendant understands that the Court has discretion not to accept the stipulations and not to accept the defendant's plea under these terms. Under this Rule, if the Court accepts the plea, the Court is bound by the parties' recommendation for sentence. The defendant further understands that this plea agreement is governed by Fed. R. Crim. P. 11(c)(1)(C) and that, pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects the plea agreement, the Court will advise the defendant personally in open court that the Court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea that the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

7.      **ALLOCUTION:**   The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8.      **COOPERATION IN THE SENTENCING PROCESS:**

A.      The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal

history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

        B.      The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

        C.      The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

        D.      The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

    9.      **FINANCIAL MATTERS:**

        A.      FINANCIAL STATEMENT:   The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

        B.      FINES:   The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

        C.      SPECIAL PENALTY ASSESSMENT:   The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court."

D.   RESTITUTION:   The defendant acknowledges that restitution is mandatory pursuant to Title 18, United States Code, Section 3663A. The defendant agrees to the entry of an order of restitution for the full amount of the victim's loss, regardless of whether charges relating to such loss will be excluded or dismissed as part of this plea agreement. The United States and the defendant agree that the amount of restitution payable by the defendant is approximately $12,321.75. The United States is aware that the Malvern National Bank has suffered the loss. The defendant agrees that the above listed restitution shall be joint and several with the co-defendants in this case.

E.   FINANCIAL INFORMATION:   The defendant agrees to fully disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete the financial statement form provided by the United States Attorney's Office for the Eastern District of Arkansas by the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to the United States Attorney's Office for the Eastern District of Arkansas. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. Prior to sentencing, the defendant agrees to notify the Assistant United States Attorney and the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Arkansas before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on him. The defendant agrees to provide waivers, consents or releases requested by

the United States Attorney's Office to access records to verify the defendant's financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

10.   **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**:   The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Indictment, which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

11.   **RECORDS:**   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12.   **CIVIL CLAIMS BY THE GOVERNMENT:**   Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

13.   **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM**:

A.   Defendant acknowledges and understands that if the defendant violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1)   terminate this Agreement and Addendum; or

(2)   proceed with this Agreement and Addendum and

(a)    deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

(b)    advocate for any sentencing enhancement that may be appropriate.

B.    In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

C.    The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

D.    In the event that the Agreement and Addendum is terminated or if the defendant successfully moves to withdraw his plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement and Addendum, including any statements made in the course of a proffer, this Agreement, the stipulations in paragraph 5 of this Agreement, and the plea colloquy:

(1)    may be used in the United States' case in chief and to cross examine the defendant should he testify in any subsequent proceeding; and/or

(2)    any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

14.    **PARTIES:**  This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15.    **MISCELLANEOUS:**

A.    MODIFICATION:   No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

B.    HEADINGS AND CAPTIONS:   Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

C.    WAIVER:   No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D.    RIGHTS AND REMEDIES CUMULATIVE:   The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative

and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by defendant.

E.     JOINT NEGOTIATION:   This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms-length agreements.

16.     **NO OTHER TERMS:**   This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

17.     **APPROVALS AND SIGNATURES**:

A.     DEFENDANT:   The defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and condition of this Agreement and Addendum. Further, the defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that defendant has entered into this Agreement and Addendum, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding

obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his attorney in this case.

        B.    DEFENSE COUNSEL:  Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

        DATED this 16th day of August, 2019.

                CODY HILAND
                United States Attorney

                By: Joan Shipley
                Assistant United States Attorney
                AR Bar # 2005139
                Post Office Box 1229
                Little Rock, Arkansas 72203
                (501) 340-2600
                Joan.shipley@usdoj.gov

Rodney Adam Hurdsman
Defendant

Blake Hendrix
Attorney for Defendant

Page 14 of 14