## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                    Case No. 4:17-cr-00275 KGB

RODNEY ADAM HURDSMAN                                                              DEFENDANT

### ORDER

Pending before the Court is defendant Rodney Adam Hurdsman's *pro se* Rule 41(g) motion that money seized by the Federal Bureau of Investigation be returned to defendant or applied toward his restitution (Dkt. No. 176). The government responded in opposition to Mr. Hurdsman's motion (Dkt. No. 180), and Mr. Hurdsman filed a reply (Dkt. No. 182).

Based on the record before the Court, Mr. Hurdsman's motion relates to $1,227.31 that he maintains was taken from him. Mr. Hurdsman attaches to his motion paperwork from the Caddo Parish, Louisiana, Sheriff that indicates those funds were seized as evidence by an agent of the Federal Bureau of Investigation (Dkt. No. 176, at 5–6).

Mr. Hurdsman cites Federal Rule of Criminal Procedure 41(g) in support of his motion, which states:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The government argues in part that Mr. Hurdsman's motion should be denied because the contested funds were seized not in this district but in Shreveport, Louisiana (Dkt. No. 180-1, at 2). However, the Eighth Circuit has held that the district court in which a

defendant was tried has ancillary jurisdiction over a defendant's Rule 41(g) motion. *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam). This Court therefore has jurisdiction to adjudicate Mr. Hurdsman's Rule 41(g) motion.

However, it is not clear based on the record before the Court whether the relief which Mr. Hurdsman seeks would be proper under Rule 41(g). Rule 41(g) permits equitable relief for the return of property but not monetary relief to compensate for property that has been lost or transferred. *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001). "Other statutes authorize money damages against the United States, such as the Tucker Act, 28 U.S.C. § 1491, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671–81." *Hall*, 269 F.3d at 943. Accordingly, the Eighth Circuit has directed that, "when a district court conducting a Rule 41[(g)] proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding *pro se* . . . ) an opportunity to assert an alternative claim for money damages."[1] *Id.*

Here, the government contends that, after being seized in Louisiana, the funds at issue were sent to Round Rock, Texas, as evidence related to a bank robbery committed there and that laboratory analysis confirmed that the funds contained dye matching that of the dye packs which exploded on the funds after the Round Rock, Texas, bank robbery (Dkt. No. 180-1, at 2). If the property at issue is not in the government's control, then the Court may not grant Mr. Hurdsman equitable or monetary relief under Rule 41(g). Instead, this Court may allow Mr. Hurdsman, as a movant proceeding *pro se*, an opportunity to assert an alternative claim for money damages if he so wishes.

---

[1] The *Hall* court refers to the relevant rule as Rule 41(e). Rule 41(e) at the time was substantially the same as the current version of Rule 41(g) upon which this Court relies.

At this time, the Court takes no position on Mr. Hurdsman's current claim or any alternative claim that may be filed. Instead, the Court directs the government to submit an affidavit or other record evidence supporting its contention that the funds at issue are no longer in the government's possession or control, so that the Court may evaluate further Mr. Hurdsman's Rule 41(g) claim.

It is so ordered this 14th day of October, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge